# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| PANHANDLE EASTERN PIPE LINE COMPANY, L.P., ) ) ) Plaintiff, ) ) v. ) ) DENNIS P. BEAUPRE; LISA B. ) BEAUPRE; BILLY D. CHAMBERS; KAY ) A. CHAMBERS; RICHARD A. FAUBER; ) MARSHA A. FAUBER; CORY K. REID; ) LYNN D. REID; RUSSELL F. MONROE; ) DIANA MONROE; THOMAS E. AND ) PHYLLIS A. CARR TRUST; THOMAS E. ) CARR; PHYLLIS A. CARR; EUGENE ) TOPPER; MARIANNE C. TOPPER; ) JOSEPH J. SARMIENTO, III; and ) TAMMY C. SARMIENTO, ) ) Defendants. ) | Case No.   11-cv-1327 |

## O R D E R  &  O P I N I O N

Before the Court is Plaintiff's Motion for Summary Judgment as to Defendants Cory K. Reid and Lynn D. Reid[1] (Doc. 39). In it, Plaintiff seeks judgment, allowing it to clear its right-of-way on Defendants' property. No response was filed, and thus, the Motion is granted and Plaintiff is awarded a permanent injunction as set forth in this Order.

### PROCEDURAL HISTORY

Plaintiff filed the present action on September 2, 2011. In the First Amended Complaint, Plaintiff alleges the need for injunctive relief to access and clear a

---

[1] Defendants Cory Reid and Lynn Reid are the only remaining defendants in this case; all others have been dismissed.

portion of land pursuant to an easement to which Defendants' fee simple is subject. (Doc. 29). Defendants have not filed an answer or appeared in this case.

Plaintiff filed the instant Motion for Summary Judgment on February 1, 2013. Defendants' response was due February 25, 2013. On February 28, 2013, no response having been filed, the Court extended Defendants' time to file to March 11, 2013, sua sponte. (Text Order, Feb. 28, 2013). The Court also warned Defendants that if they failed to respond, the Motion would "be deemed admitted pursuant to Local Rule 7.1(D)(2)." (*Id.*). On March 11, 2013, Plaintiff filed a status report that purported to also be a motion to extend Defendants' time to respond, noting ongoing settlement negotiations. (Doc. 42). Even assuming this motion were procedurally proper, and were granted, Defendants' response would still have been due April 11, 2013. To date, no response or filing of any sort has been received from Defendants.

As a result of Defendants' failure to respond, Plaintiff's Motion for Summary Judgment is deemed admitted pursuant to Local Rule 7.1. CDIL-LR 7.1(D)(2). Thus, the facts asserted within are taken as true. However, deeming the motion admitted does not necessarily mean the Court will grant judgment entirely as requested by the moving party. That is particularly true where, as here, the requested relief is an injunction. *Cf. e360 Insight v. Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007) (requiring inquiry into the propriety of equitable relief even for an injunction in a default judgment). Courts have an "independent responsibility" to ensure that injunctions are administrable and follow Federal Rule of Civil Procedure 65. *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 647 (7th Cir. 2002).

## Factual Background[2]

Plaintiff is a company engaged in transporting natural gas through underground pipelines, including through a pipeline it calls the Galesburg Lateral that runs underneath Defendants' property, located at 5201 Adam Avenue, Bartonville, Illinois. Plaintiff obtained the right to build and maintain this pipeline through a series of easements granted to it by previous owners of Defendants' land. The most recent and only operative easement, entitled "Right-of-Way Grant,"[3] was executed on September 19, 1962, and was properly recorded. It grants Plaintiff "a Right-of-Way to lay, construct, maintain, alter, inspect, repair, replace, relocate, change the size of, operate and remove two (2) pipe lines . . . under, on, over and through" the described property, which includes Defendants' property. (Doc. 39-1 at 8). It also grants "the right to continue to maintain, alter, repair, replace, operate and remove" three existing lines. (Doc. 39-1 at 8). The easement identifies on an attached diagram "two (2) easement strips of land fifty (50) feet in width" where the pipe lines are located and requires that "Grantor shall not place any structures above ground level on said easement strips." (Doc. 39-1 at 9). The easement also includes the "right of ingress and egress to and from the public raod [sic] running along the Easterly side of said premises over and across said two (2) easement strips." (Doc. 39-1 at 9).

---

[2] Unless otherwise noted, facts contained in this Order are taken from the Motion for Summary Judgment (Doc. 39) and accompanying Affidavit of Troy A. Yackle and exhibits thereto (Doc. 39-1). As noted above, because the Motion was deemed admitted for failure to respond, these facts are all taken as true.
[3] Under Illinois law, "a right of way is an easement." *Kurz v. Blume*, 95 N.E.2d 338, 339 (Ill. 1950). The Court will primarily use the synonymous and more familiar term "easement" throughout this Order.

In February 2011, Plaintiff notified Defendants of its intent to clear trees, brush, vegetation, and man-made obstructions on or encroaching on its easement to allow for inspection and maintenance of its pipeline. Plaintiff must inspect its pipelines to ensure safety and to comply with federal regulations. In particular, as is industry practice, Plaintiff intends to inspect the pipelines aerially. Trees and structures on the easement impede Plaintiff's inspection and maintenance operations, and can prevent efficient repair in the event of an emergency. Further, tree roots can damage the pipelines. In particular, Plaintiff points to two trees and one man-made structure on Defendants' property that interfere with its easement rights. As depicted on a photograph, one tree is 14.5 feet from the center of the pipeline, one tree is 16 feet away, and there is a small structure, which Plaintiff refers to as a shed, 24 feet from the pipeline. Defendants refused Plaintiff access to the property.

## APPLICABILITY OF FEDERAL LAW

To clear up any confusion at the outset, the Court here briefly addresses two of Plaintiff's apparent mistakes in the applicability of federal law to this state property law claim. First, among other deficiencies in the First Amended Complaint, Plaintiff asserts that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1332, but nothing in the pleading supports such a conclusion. Plaintiff does not bring a claim under a federal statute, and simply referencing a federal statute that is related to the subject of litigation does not create a federal question. That is Jurisdiction 101. Fortunately for Plaintiff, the

parties are diverse, and the Court accepts the assertion that the amount in controversy exceeds $75,000, thus allowing for diversity jurisdiction in this Court.

Second, Plaintiff makes a confusing and misleading argument about preemption in its Motion. (Doc. 39 at 9-10). Plaintiff explains that federal law preempts state safety standards for pipelines such as theirs, which is unremarkable. (Doc. 39 at 4, 9). But they also cite a Michigan state court case for the proposition that "Federal law, not Defendants, defines and controls Panhandle's obligation to inspect and maintain its pipelines," and seems to imply that the federal regulations give Plaintiff a free pass to act in whatever way they deem necessary to comply with such regulations, essentially preempting the easement. (Doc. 39 at 9 (citing *Panhandle E. Pipe Line Co. v. Musselman*, 668 N.W.2d 418, 421 (Mich. Ct. App. 2003))). The cited case states that "[a]lthough federal law does not grant plaintiff any more rights over the property than does the grant of the right-of-way itself, federal law defines plaintiff's duties with regard to the maintenance of its pipelines and, thus, addresses what is required of plaintiff with regard to the right-of-way." *Musselman*, 688 N.W.2d at 421. This seems an accurate analysis of the impact of federal law in this area, but of course does not mean property law is preempted. Rather, the federal regulations to which Plaintiff is subject inform the interpretation of the granted easement, which provides for access to maintain and inspect the pipelines. Naturally, federal regulations would provide strong evidence of more precisely what the easement rights, including access to inspect and maintain, would entail, but Plaintiff points to no federal law that preempts state property law.

## DISCUSSION

An easement is a "right or a privilege in the real estate of another." *Beloit Foundry Co. v. Ryan*, 192 N.E.2d 384, 390 (Ill. 1963). The owner of an easement is entitled to "necessary use," which is "such use as is reasonably necessary for the full enjoyment of the premises." *Erday's Clothiers, Inc. v. Spentzos*, 592 N.E.2d 615, 621 (Ill. App. Ct. 1992). The owner of the property subject to the easement, referred to as the servient estate, is still entitled to reasonable use of the property. *Id.* Here, Plaintiff holds an easement that burdens Defendants' property, and seeks an injunction to allow it to take certain actions pursuant to its easement.

Under Rule 65(d), an order granting an injunction must include the reasons it issued, the specific terms, and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). The Seventh Circuit "insist[s] on strict compliance with these requirements." *United States v. Apex Oil Co.*, 579 F.3d 734, 739 (7th Cir. 2009). Of course, that is only where such compliance is "feasible or desirable." *Id.* at 740. Before a federal court can award a permanent injunction, a plaintiff must satisfy four requirements:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Further, where an injunction is requested in a motion for summary judgment, the plaintiff must show success on the merits. *See Collins v. Hamilton*, 349 F.3d 371, 374 (7th Cir. 2003).

Taking the asserted facts as true, Plaintiff has shown that a permanent injunction is appropriate. First, Plaintiff points to the need to inspect and maintain its pipelines, which it cannot do without access to Defendants' property. The shed located within the fifty-foot strip specifically violates the terms of the easement, that Defendants not "place any structures above ground level" on those strips. (Doc. 39-1 at 9). Plaintiff also has shown through its uncontested allegations that the two trees that are located near the pipe interfere with aerial inspection and may otherwise interfere with maintenance or repair of the pipeline. Thus, Plaintiff's right to necessary use of its easement are infringed because it cannot maintain and inspect its pipelines. This constitutes irreparable harm, as Plaintiff has been injured by interference with its property rights. For these same reasons, Plaintiff has also shown success on the merits of its claim, satisfying the additional requirement for summary judgment proceedings.

Second, Plaintiff has adequately shown through its uncontroverted factual allegations that there is no adequate remedy at law. Property rights are a prime example of rights without adequate remedy at law. *See, e.g.*, *United Church of the Med. Center v. Med. Center Comm'n*, 689 F.2d 693, 701 (7th Cir. 1982). Monetary damages would not adequately address Plaintiff's injury from being unable to enjoy its property rights and maintain its pipeline because the costs could be immeasurable, including the possibility of having to move the pipeline.

Third, in balancing harms, though Defendants will lose two trees and a shed from its property, it is a small loss in comparison with the potential harm to Plaintiff if it cannot use its easement and is unable to inspect and maintain a

portion of the Galesburg Lateral pipeline running through Defendants' property. Plaintiff alleged the potential dangers to Defendants and the public, as well as the losses Plaintiff could suffer both in terms of revenue and in fines for failure to comply with federal regulations.

Finally, the public would certainly be served by an injunction, as the pipelines transport natural gas through the area, and the public has an interest in this operation being performed in a manner that minimizes the safety and health risks. Particularly given the federal regulation of this matter, it is clear the public has an interest in Plaintiff's being able to enforce its easement to inspect and maintain the pipelines.

Thus, taking all of Plaintiff's asserted facts as true, Plaintiff has shown that an injunction is appropriate, but the Court must still specify the precise terms and scope of the injunction. *See In re Energy Co-op., Inc.*, 886 F.2d 921, 930 (7th Cir. 1989) ("Language delimiting the scope of the injunction . . . should be explicit and unambiguous."). It is apparent that Plaintiff seeks to remove two trees and a shed from Defendants' property. Pursuant to the explicit terms of the easement, Defendants could not "place any structures above ground level" on the specific fifty-foot easement strips over the pipe lines. (Doc. 39-1 at 9). Given Plaintiff's uncontroverted contention that the shed is within that space, it violates the clear terms of the easement and Plaintiff is entitled to remove it. Further, Plaintiff alleges that the two trees at issue are too close to the pipeline and must be removed as part of the maintenance and inspection process. The Court accepts as true Plaintiff's uncontested allegations that its maintenance and inspection duties and

thus its easement rights are unreasonably impeded by these two trees. As a result, Defendants will be enjoined from stopping the removal of the two trees. It also logically follows that Plaintiff will need access to these features to remove them, and Plaintiff's recorded easement specifically includes the right of ingress and egress via the public road. Thus, Defendants will also be enjoined from preventing Plaintiff's ingress and egress for this purpose.

To the extent Plaintiff seeks a broader injunction,[4] it is not supported by the injury alleged. Even though the easement, whose validity is uncontested in this case, imparts on Plaintiff more expansive rights than the injunction addresses, Plaintiff points to no further harm at this time that requires an injunction from this Court. The Court does not find it appropriate to enter an injunction that serves only to reiterate the language of the easement, as the scope of those terms is open to interpretation, and such an injunction would be broader than the specific controversy before the Court. The alleged facts do not even support an injunction that allows Plaintiff to do whatever it believes is necessary so long as it is within the fifty-foot easement strips. The terms of the easement only require that no above-ground structures be placed within those strips. Otherwise, the only specific limitation on Defendants is that they not "place anything over or so close to any pipe line or other facility of [Plaintiff] as will be likely to interfere with [Plaintiff's] access thereto by use of equipment or means customarily employed in the

---

[4] It is far from clear that Plaintiff does seek a broader injunction, particularly given a subheading in the Motion that reads "Panhandle is entitled to unobstructed access and entry onto Defendants' Property to remove two trees and a shed which encroach upon Panhandle's right-of-way." (Doc. 39 at 10). However, other portions of the Motion allude to a more sweeping request.

9

maintenance of pipe lines," subject to some exceptions like roads and water mains. (Doc. 39-1 at 9-10). Nowhere does the easement state that nothing on the property can come within twenty-five feet of the pipelines, or that the fifty-foot strips must essentially remain bare, useless land. On the issues and facts presented by Plaintiff, the Court will not enter an injunction broader than that stated below, instead limiting the scope of the injunction to the specific injury alleged.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment as to Defendants Cory K. Reid and Lynn D. Reid (Doc. 39) is GRANTED. Defendants, their agents, and others in active concert or participation with Defendants are PERMANENTLY ENJOINED from interfering with Plaintiff's entry onto the land within twenty-five feet of Plaintiff's pipelines running through Defendants' property for the specific purpose of removing two trees, located 14.5 feet and 16 feet from the center of the pipeline, and one shed, located 24 feet from the center of the pipeline, or from ingress or egress to and from such land for said purpose.

CASE TERMINATED.

Entered this <u>8th</u> day of July, 2013.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                            United States Senior District Judge